The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Daniel Luque ROSALES, Defendant–Appellant.

No. 03CA0077.

Colorado Court of Appeals, Div. I.

Aug. 11, 2005.

Certiorari Denied May 22, 2006.*

---

* Justice EID does not participate.

Justice BENDER would grant as to the following issue:

Whether the state's closing argument urging the jury to nullify the law regarding self-induced intoxication was reversible error.

John W. Suthers, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ann M. Aber, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

CARPARELLI, J.

Defendant, Daniel Luque Rosales, appeals the judgment of conviction entered upon a jury verdict finding him guilty of two counts of first degree murder after deliberation, two counts of first degree felony murder, one count of first degree burglary, one count of second degree assault, and one count of violation of a restraining order. We affirm, but remand with directions to amend the mittimus.

After beating his girlfriend, defendant took a shotgun and a box of shotgun shells and drove to the apartment of his estranged wife. At the apartment complex, he parked the car to facilitate a quick departure and made several phone calls to his wife. Receiving no answer, he then used two shots to disable two locks on the apartment door and entered the apartment. On the way to the bedroom, he reloaded the gun; he entered the bedroom and shot his estranged wife and the man she had been dating, killing both. Defendant picked up the expended shotgun shells, left the apartment, and drove away. He was later arrested.

Defendant was charged with two counts of first degree murder after deliberation, two counts of first degree felony murder, one count of first degree burglary, one count of second degree assault, one count of second degree kidnapping, and one count of violation of a restraining order.

At trial, his defense was that he was too intoxicated to form specific intent. The jury convicted defendant on all charges except second degree kidnapping. Defendant was sentenced to two concurrent terms of life imprisonment for the murders, a concurrent term of thirty-two years for the burglary, a consecutive term of sixteen years for the assault, and a concurrent eighteen-month term for violating the restraining order.

I.

■ Defendant contends that the order of restitution must be vacated because the filing of his notice of appeal divested the trial court of its jurisdiction to enter it. We disagree.

The trial court imposed sentence on November 25, 2002, but did not immediately determine the amount of restitution. Instead, it stated that defendant would be required to make restitution, granted the prosecution ninety days to submit its motion regarding the specific amount, and did not reference restitution in the mittimus. Defendant filed his notice of appeal on January 9, 2003. The court ordered restitution on February 5, 2003, after receiving two such motions from the prosecution.

A.

■ A judgment of conviction is not final until sentence is imposed. Crim. P. 32(c); *Ellsworth v. People*, 987 P.2d 264 (Colo.1999); *People v. Richardson*, 58 P.3d 1039, 1048 (Colo.App.2002). Absent a specific finding that the victim did not suffer a pecuniary loss, restitution is a mandatory part of the sentence. Section 18–1.3–603(1), C.R.S.2004. Thus, absent such a finding, sentencing is not final until restitution is ordered. *People v. Johnson*, 780 P.2d 504 (Colo.1989); *see People v. Dillon*, 655 P.2d 841 (Colo.1982); *see also People v. Smith*, 121 P.3d 243, 2005 WL 427673 (Colo.App. No. 02CA1515, Feb. 24,

2005)(when a trial court does not include any finding regarding restitution in the mittimus, the sentence is illegal, and the court is required to correct the mittimus).

Therefore, we first conclude that until the court entered the statutorily required order of restitution on February 5, 2003, sentencing was not complete, and judgment was not final. *See* § 13–4–102, C.R.S.2004; Crim. P. 32(c); C.A.R. 1.

### B.

We next conclude that, because judgment was not final until the court ordered the specific amount of restitution, the trial court retained jurisdiction, and defendant's appeal was premature.

■ After a trial court enters a judgment of guilty on a jury verdict and imposes a *valid* sentence, judgment is final, and the trial court loses jurisdiction except as specified in Crim. P. 35. *People v. Campbell,* 738 P.2d 1179 (Colo.1987); *People v. Dillon, supra; Smith v. Johns,* 187 Colo. 388, 532 P.2d 49 (1975). Once judgment is final and a defendant's appeal has been perfected, the trial court is divested of jurisdiction to issue any further orders in the case. *People v. Jones,* 631 P.2d 1132, 1133 (Colo.1981); *Brooke v. People,* 139 Colo. 388, 339 P.2d 993 (1959); *cf. Molitor v. Anderson,* 795 P.2d 266, 269 (Colo.1990)(where trial court entered final judgment in a civil case, defendant appealed the judgment out of time, and defendant then asked trial court to vacate the judgment, the trial court lacked jurisdiction to vacate the judgment); *Woznicki v. Musick,* 94 P.3d 1243, 1246 (Colo.App.2004)(construing *Molitor* to apply "only to perfected appeals from *final* judgments" (emphasis added)). *But cf. Anstine v. Churchman,* 74 P.3d 451, 453 (Colo.App.2003)(construing *Molitor* to say that "once an appeal is *taken,* a trial court is divested of jurisdiction to determine substantive matters that directly affect the judgment being appealed," and concluding that "no statute or rule confers jurisdiction on trial courts when an appeal has arguably been filed improperly" (emphasis added)).

However, although a perfected appeal of a final conviction removes jurisdiction from the trial court, there is no authority for defendant's contention that an appeal that is filed *before* the entry of final judgment removes jurisdiction from the trial court.

Therefore, we conclude that the trial court retained jurisdiction to enter the order of restitution and that defendant's appeal before entry of a final judgment was premature.

### C.

Section 13–4–102(1), C.R.S.2004, grants this court jurisdiction over appeals from final judgments. We conclude that, although defendant's appeal was premature, the trial court's order of restitution constituted a final judgment, and the defect in defendant's appeal has been cured. Therefore, we now turn to defendant's other contentions.

### II.

■ Defendant contends that the order of restitution must be vacated because it increased his sentence after he had begun to serve it and, thus, violated double jeopardy principles. Again, we disagree.

"[A]t the sentencing hearing the trial court may, without violating double jeopardy principles, defer determination of the amount of restitution to be imposed, subject to a later hearing." *People v. McGraw,* 30 P.3d 835, 838 (Colo.App.2001); *People v. Smith, supra,* 121 P.3d at 251 ("[A] sentence that is contrary to legislative mandates is illegal and may be corrected at any time by a sentencing court without violating a defendant's right against double jeopardy.").

We conclude that the trial court did not violate defendant's right against double jeopardy when, having deferred determination of the amount of restitution as permitted by § 18–1.3–603(1), it ordered restitution after defendant began to serve his sentence.

### III.

■ Defendant contends that the court violated his due process right to be present at sentencing when it entered the restitution

order in his absence. Assuming, without deciding, that defendant had a right to be present when the court ordered restitution, we conclude that defendant's presence was not required in this instance.

Defendant was present at the November 2002 sentencing hearing at which his prison sentence was imposed. At the conclusion of that hearing, the court granted the People ninety days to file a motion for restitution and stated that defendant could request a hearing on that motion.

The prosecution filed two motions for restitution on February 4, 2003. One motion asked the court to order restitution to the Crime Victim Compensation Fund in the amount of $11,000, and the other asked for restitution to the victim's father in the amount of $1,192.50 for the victim's headstone. The court granted both motions. Although defendant now asserts that he had a right to be present, he does not assert any infirmities in the two motions or the supporting documents.

■ The prosecution is not required to prove sentencing factors "by the same quality of evidence required in a guilt trial on the merits of the case." *People v. Padilla*, 907 P.2d 601, 609 (Colo.1995). And, as we have already noted, § 18–1.3–603(1) requires that, upon conviction, a defendant *must* be ordered to pay restitution unless the court specifically finds that no victim suffered a pecuniary loss.

Here, defendant has never asserted that no victim suffered any pecuniary loss, and, given the nature of the crimes, we conclude that the prosecution presented sufficient evidence regarding the existence of such losses to support the court's order. In addition, defendant has never asserted that the amount of restitution was improper. Therefore, even assuming, without deciding, that defendant had a right to be present when the court ordered restitution, we conclude that defendant's presence would have been useless on the questions of the propriety and amount of restitution. Thus, we conclude that any error was harmless beyond a reasonable doubt. *See Luu v. People*, 841 P.2d 271 (Colo.1992).

## IV.

■ Defendant also contends that one of the jury instructions contained an incorrect statement of law regarding evidence of self-induced intoxication and that this deprived him of his due process right to require the prosecution to prove the elements of each crime beyond a reasonable doubt. We are not persuaded.

## A.

The instruction stated:

> You may consider evidence of self-induced intoxication in determining whether or not intoxication negates the existence of the particular states of mind "with intent" (which is also known as "specific intent") or "after deliberation with intent."

> The prosecution has the burden of proving all the elements of the crimes charged. If you find the defendant was intoxicated to such a degree that he did not form the specific intent which is a required element of the crimes of First Degree Murder (Amended counts 1[,] 2, 3 and 4), First Degree Burglary (Count 5), and Second Degree Assault, (Count 7), you should find defendant not guilty of those charges.

Defendant did not object to the instruction. To the contrary, defense counsel relied on the instruction during closing argument.

## B.

Defendant makes three distinct arguments. First, he argues that the phrase "you may consider evidence of self-induced intoxication" made consideration of the evidence of intoxication permissive rather than mandatory.

Second, he challenges the phrase "if you find the defendant was intoxicated to such a degree that he did not form the [requisite] specific intent ... you should find the defendant not guilty of those charges." He argues that this phrase suggests that unless he proved beyond a reasonable doubt that he was so intoxicated as to be unable to form the requisite specific intent, the jury could not consider his intoxication.

Third, he argues that the instruction failed to inform the jury that self-induced intoxication was also relevant to its determination of whether the prosecution had proved all the elements of the two felony murder counts beyond a reasonable doubt.

### C.

██ When a defendant does not object to a trial court's instruction, we apply a plain error standard in our review of the instruction.

Plain error ... requires a reasonable possibility that the alleged error contributed to the defendant's conviction. Thus, with respect to jury instructions, reversal under a plain error standard requires a defendant to "demonstrate not only that the instruction affected a substantial right, but also that the record reveals a reasonable possibility that the error contributed to his conviction."

*People v. Garcia,* 28 P.3d 340, 344 (Colo.2001) (citations omitted; quoting *Bogdanov v. People,* 941 P.2d 247, 255–56, *amended,* 955 P.2d 997 (Colo.1997)).

██ When we review for plain error, "the instructions must be considered as a whole to determine whether the jury was properly advised as to the law." *Gann v. People,* 736 P.2d 37, 39 (Colo.1987).

### D.

Here, the same instruction informed the jury that "[t]he prosecution has the burden of proving all the elements of the crime charged." In addition, the court instructed the jury that (1) defendant was entitled to the presumption of innocence throughout the trial unless, "after considering all of the evidence," the jury was convinced that defendant was guilty beyond a reasonable doubt; (2) the "burden of proof is upon the prosecution to prove to the satisfaction of the jury beyond a reasonable doubt the existence of all of the elements necessary to constitute the crime charged"; and (3) if the jury found that the prosecution "failed to prove any one or more of the elements beyond a reasonable doubt," it must find defendant not guilty. As to each crime charged and each lesser included offense, the jury was also instructed that "[a]fter considering all the evidence, if you decide the prosecution has failed to prove any one or more of the elements beyond a reasonable doubt, you should find the defendant not guilty" of that crime. The latter instruction was repeated twelve times.

We conclude that the instructions given in this case, viewed as a whole, required the jury to consider all the evidence, including the evidence of intoxication, as to each crime charged and each lesser included offense, and ensured that the prosecution had the burden to prove beyond a reasonable doubt that defendant acted with the requisite intent.

Consequently, we conclude that the disputed instruction did not constitute error affecting defendant's substantial rights. *See People v. Petschow,* 119 P.3d 495, 2004 WL 2136945 (Colo.App. No. 01CA1684, Sept. 23, 2004).

### V.

██ Defendant next contends that improper closing argument by the prosecutor deprived him of his right to a fair trial and an impartial jury. We are not persuaded.

### A.

In his initial closing, the prosecutor addressed specific intent by recounting in detail defendant's actions on the night of the crimes and urging the jury to consider what defendant was thinking each step of the way. Defense counsel then argued, among other things, that defendant was extremely intoxicated and emotional and that he acted irrationally. Drawing language from the instruction defining "after deliberation," he suggested that defendant's conduct was hasty and impulsive and that the jury should return a conviction of second degree murder.

The prosecutors' rebuttal argument included the following:

The other factor [in defense counsel's argument] that the prosecution has strong disagreement with is that whenever we heard in terms of Mr. Rosales, they were happy they had champagne, they were

happy, they had Gran Marnier, they were happy, they had beer. What is the excuse that the defendant wants [you to] buy[?] The defendant wants you to buy that the very thing that made him happy that he has been engaging in for over 10 years, that he bought a bar so he could be around alcohol, is the event that should excuse him for his actions. You heard that he went to a couple of AA meetings. You heard that he had problems in his life from alcohol, and now the defense want you to excuse it. . . . What you will be telling him, what you will be validating if you find that alcohol negated his specific intent, is that he is not guilty of first-degree murder of any kind, not the felony murder. He can't be found guilty of the felony murder because he was too drunk to intend to blow his way into that house and violate the restraining order and kill people. He is not guilty of intentional murder after deliberation because he was too drunk to form the intent, and the deliberation. . . . And he was too drunk to intend to kill [the victim]. That is the package you are buying if you buy the package in this case.

He is rewarded for the lifestyle choices, and every beer he had was an excuse for the murders, the excuse of killing two people November 9, 2001.

. . . .

If you say that that intoxication negates the [″]after deliberation[″] and [defendant's counsel] wants to talk to you about the fact that when he put the gun to their heads, that was a hasty and impulsive act, do not confuse that hasty and impulsive with quick. I mean, things can happen quickly, but it is a series of quick acts that go to [″]after deliberation.[″] What you are looking at in this case is whether Mr. Rosales' series of acts were hasty and impulsive or whether he made a judgment and decision on November 9.

. . . .

I don't know what he had to drink. Best case scenario, if you are looking at that case, you have a 12–hour span with three beers and one line of cocaine and walk that out to the logical conclusion.

If you excuse him from first-degree murder for that, what you are saying is that every person in the community [who] has three beers and a line of coke can go and kill people and gee, because they decided [to] do that, that they are not accountable for first-degree murder, and they are not accountable for [the] execution they commit.

**B.**

On appeal, defendant acknowledges that his counsel did not object to the quoted argument on the grounds he now asserts. He argues that the quoted portions of the prosecutor's argument were incorrect statements of law, contrary to § 18–1–804(1), C.R.S.2004, and urged the jury to disregard the law as it related to the effect of intoxication on the ability to form specific intent, a blatant invitation to ignore the law on intoxication and its relationship to the state's burden of proof on specific intent offenses.

"The advocate's function is to present evidence and argument so that the cause may be decided according to the law." Colo. RPC 3.5 cmt. 2. Thus, a prosecutor is not permitted to present an argument that is calculated to inflame the passions or prejudice of the jury, to divert the jury from its duty to decide the case on the evidence, to seek a conviction based on matters irrelevant to determination of the defendant's guilt, or to suggest that the jury ignore the law as reflected in the court's instructions. *People v. Dunlap*, 975 P.2d 723, 758 (Colo.1999); *Harris v. People*, 888 P.2d 259 (Colo.1995); *People v. Mandez*, 997 P.2d 1254 (Colo.App. 1999); *see State v. Hudson*, 86 Ohio App.3d 113, 619 N.E.2d 1190 (1993); *Schmitt v. Commonwealth*, 262 Va. 127, 547 S.E.2d 186 (2001).

Allegations of improper argument must be evaluated in the context of the argument as a whole and in light of the evidence before the jury. *People v. Salyer*, 80 P.3d 831, 839 (Colo.App.2003).

When, as here, prosecutorial misconduct is alleged, but was not preserved by contemporaneous objection, we will not consider it on appeal unless it was plain error

affecting the substantial rights of the defendant. *People v. Constant,* 645 P.2d 843 (Colo.1982). Prosecutorial misconduct constitutes plain error only when it is flagrant or glaringly or egregiously improper. *People v. Abiodun,* 87 P.3d 164 (Colo.App.2003), *aff'd,* 111 P.3d 462 (Colo.2005). Prosecutorial misconduct in closing arguments rarely constitutes plain error. *People v. Gordon,* 32 P.3d 575 (Colo.App.2001).

## C.

Here, we do not perceive the prosecutor's argument to have been calculated to inflame the passions or prejudice of the jury, to divert the jury from its duty to decide the case based on the evidence, or to suggest that the jury ignore the law or the court's instructions. However, it was improper for the prosecution to argue that a verdict acquitting defendant of first degree murder would reward defendant for drinking and indicate that it is permissible for every intoxicated person to commit murder and not be held accountable.

Nonetheless, when considered as a whole, the prosecutor's argument emphasized the overwhelming evidence that defendant had ample opportunity to deliberate, demonstrated rationality and intentional behavior, demonstrated dexterity indicative of sobriety, and shot the victims in a manner plainly calculated to cause their deaths. Therefore, we conclude that the improper portion of the argument does not constitute plain error affecting defendant's substantial rights.

## VI.

Judgment affirmed and case remanded with instructions to amend the mittimus to include the order of restitution.

Judge MARQUEZ and Judge LOEB concur.