**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUANITA ROIBAL-BRADLEY,

    Defendant - Appellant.

No. 19-2194
(D.C. Nos. 1:18-CV-01070-JB-JHR and
1:15-CR-03253-JB-GBW)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Juanita Roibal-Bradley seeks a certificate of appealability (COA) to appeal the district court's denial of her 28 U.S.C. § 2255 motion. For the reason discussed below, we deny Roibal-Bradley's request and dismiss this matter.

In 2016, Roibal-Bradley pleaded guilty to one count of failure to disclose an event affecting the continued right to Social Security benefits payments and twelve counts of wire fraud. *See* 18 U.S.C. § 1343; 42 U.S.C. § 408(a)(4)(1). The district court sentenced her to 37 months in prison and ordered her to pay $128,771.35 in

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

restitution. A panel of this court denied her appeal. *See United States v. Roibal-Bradley*, 716 F. App'x 772, 775 (10th Cir. 2017) (unpublished).

Roibal-Bradley then filed a § 2255 motion, arguing that she received ineffective assistance of counsel at various stages of the proceedings. She asked the district court to (1) reduce the terms of her imprisonment and supervised release and (2) either vacate or reduce the amount of the restitution order. The district court denied the motion in its entirety. Specific to her restitution order challenge, the district court concluded that it lacked subject-matter jurisdiction to consider her claim because a habeas motion must challenge the legality of custody, and a restitution order is not custodial within the meaning of § 2255. *See Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008).

Roibal-Bradley now seeks to appeal only the portion of the district court's order relating to restitution. But before she may do so, Roibal-Bradley must obtain a COA. 28 U.S.C. § 2253(c)(1)(B). Where, as here, the district court dismisses a § 2255 motion on a procedural basis, an appellant must show both that reasonable jurists could debate "whether the district court was correct in its procedural ruling" and "whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We begin, and end, by considering the district court's procedural ruling dismissing Roibal-Bradley's motion for lack of subject-matter jurisdiction. *See id.* at 485.

We held in *Erlandson* "that '[t]he payment of restitution or a fine, absent more, is not the sort of "significant restraint on liberty" contemplated in the

2

"custody" requirement of the federal habeas statutes.'" 528 F.3d at 788 (alteration in original) (quoting *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003)). Roibal-Bradley argues that *Erlandson* does not apply here because, unlike the petitioner in *Erlandson*, she was incarcerated when she filed her § 2255 motion, which challenged both the restitution order and her prison sentence. But the custodial requirement is jurisdictional, and it must be met for each claim. *See Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009). That is, simply being in prison for a separate, unchallenged sentence at the time of filing a habeas motion does not automatically satisfy the requirement. *See id.*; *Rosales v. Milyard*, 541 F. App'x 874, 880 (10th Cir. 2013) (unpublished) (holding petitioner did not meet custodial requirement on habeas claims related to restitution order where petitioner was sentenced to prison and restitution on same conviction, challenged both in 28 U.S.C. § 2254 petition, and was serving prison term when he filed habeas petition). And here, Roibal-Bradley challenges only the legality of the restitution order, not her imprisonment. Thus, *Erlandson* controls, and the district court correctly followed our precedent.

Moreover, Roibal-Bradley "recognizes that her argument runs against existing authority from this [c]ircuit." Aplt. Br. 11. Instead, she urges us to follow the "better reasoned authority" in *Weinberger v. United States*, 268 F.3d 346, 351 n.1 (6th Cir. 2001), the only circuit that has found jurisdiction over a § 2255 motion challenging a restitution order. Aplt. Br. 11, 22–23. But as Roibal-Bradley also acknowledges, we are bound by prior panel rulings absent en banc reconsideration or an intervening

3

Supreme Court decision. *United States v. Springer*, 875 F.3d 968, 975 (10th Cir. 2017).

Because reasonable jurists could not debate "whether the district court was correct in its procedural ruling," we need not decide whether they could debate that the motion states a constitutional claim. *Slack*, 529 U.S. at 484. Accordingly, we deny Roibal-Bradley's request for a COA and dismiss this matter.

Entered for the Court


Nancy L. Moritz
Circuit Judge