24CA0331 Peo v Rosales 05-28-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0331
Jefferson County District Court No. 01CR3022
Honorable Randall C. Arp, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Daniel Luque Rosales,

Defendant-Appellant.

---

ORDER AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Martinez*, and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 28, 2026

---

Philip J. Weiser, Attorney General, Paul Koehler, Senior Counsel, Denver, Colorado for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kamela Maktabi, Deputy State Public Defender, Denver, Colorado for Defendant-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Daniel Luque Rosales, appeals the postconviction court's order denying his most recent Crim. P. 35(c) motion.  We affirm.

## I.     Background

¶ 2     In 2002, a jury found Rosales guilty of, among other offenses, two counts of first degree murder and the trial court sentenced him to life in prison without the possibility of parole.  On direct appeal, a division of this court affirmed the judgment.  See People v. Rosales, 134 P.3d 429 (Colo. App. 2005) (Rosales I).

¶ 3     In May 2007, Rosales filed his first pro se Crim. P. 35(c) motion, raising numerous postconviction claims and requesting that postconviction counsel be appointed (the May 2007 motion). Later that month, the trial court issued a written order saying, "After reviewing Mr. Rosales' motion, I believe it is appropriate to appoint counsel for Mr. Rosales, who is indigent.  If the appointed counsel determines that there is merit to Mr. Rosales' [motion], I will grant leave to amend the [motion] by Mr. Rosales' counsel" (the May 2007 order).

¶ 4     In the appeal currently before us, the parties dispute whether the trial court actually appointed postconviction counsel, or instead

1

merely expressed an intent to do so in the May 2007 order.  What is clear is that no attorney ever entered an appearance to represent Rosales on the May 2007 motion.

¶ 5     Then, in August 2007 — two and a half months after expressing at least an intent to appoint postconviction counsel — the trial court changed course by issuing a written order summarily denying the May 2007 motion (the August 2007 order).  The court summarized its ruling as follows:

> After carefully considering Mr. Rosales'
> multiple contentions and engaging in yet
> another review of his file and the trial record, I
> conclude that no hearing on his motion is
> necessary because the file and the record do
> not support his allegations.  On the contrary,
> they clearly establish that Mr. Rosales is not
> entitled to the relief he seeks.

Notably, the court also wrote, "For the same reason, I deny Mr. Rosales' motion for appointment of postconviction counsel."

¶ 6     On appeal, a division of this court affirmed the August 2007 order.  See People v. Rosales, (Colo. App. No. 07CA1881, Mar. 26, 2009) (not published pursuant to C.A.R. 35(f)) (Rosales II).  In terms of the postconviction counsel issue, the division did not mention the

May 2007 order; it only mentioned the August 2007 denial of counsel. See id.

¶ 7 In 2016, Rosales filed his second pro se Crim. P. 35(c) motion (the 2016 motion). As pertinent here, he raised ineffective assistance claims against the public defender's office for not appearing on his behalf and filing a supplement to the May 2007 motion.

¶ 8 The postconviction court issued a written order summarily denying the 2016 motion. As pertinent here, the court found that, despite the trial court's May 2007 order, it never actually appointed postconviction counsel to represent Rosales. The postconviction court thus rejected Rosales's ineffective assistance claims against the public defender's office because a public defender was never appointed to represent him.

¶ 9 On appeal, a division of this court affirmed. See People v. Rosales, (Colo. App. No. 17CA0685, Oct. 3, 2019) (not published pursuant to C.A.R. 35(e)) (Rosales III). As pertinent here, the division first held that any claim challenging the August 2007 order had to have been brought in the Rosales II appeal. Id. at ¶ 21. Nevertheless, the division held in the alternative that (1) the trial

court never appointed counsel to represent Rosales on the May 2007 motion, and (2) the court had the discretion to reconsider the May 2007 order by issuing the August 2007 order denying Rosales's request for postconviction counsel. Id. at ¶¶ 22, 26.

¶ 10 In 2023, Rosales (this time through counsel) filed his third Crim. P. 35(c) motion, the motion at issue here (the 2023 motion). In it, he "raise[d] only one issue — that the district court lacked jurisdiction when it [denied] Mr. Rosales's original pro se Crim. P. 35(c) motion" in August 2007. In support of this "jurisdictional" claim, he asserted — contrary to the findings of the postconviction court and the Rosales III division — that the trial court did appoint postconviction counsel to represent him on the May 2007 motion. He argued that the postconviction court was therefore required to follow the procedures outlined in Crim. P. 35(c)(3)(V), and the court did not have "jurisdiction" to issue the August 2007 order without having followed those procedures.

¶ 11 The postconviction court construed the 2023 motion as a motion to reconsider the August 2007 order, not as a Crim. P. 35(c) motion, and denied the motion without a hearing. Unlike the

4

postconviction court, we construe the 2023 motion as a separate Crim. P. 35(c) motion, not a motion to reconsider.

## II. Standard of Review

¶ 12 We review de novo a postconviction court's decision to deny a Crim. P. 35(c) motion without an evidentiary hearing. People v. Cali, 2020 CO 20, ¶ 14.

## III. Analysis

¶ 13 Rosales is, in essence, *again* challenging the trial court's decision in August 2007 to deny the May 2007 motion, including his request for postconviction counsel, despite that the court had previously expressed an intent to appoint postconviction counsel for him. Rosales appears to have simply repackaged his claim as a "jurisdictional" one. *See People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) ("[A]n argument raised under Rule 35 which does not precisely duplicate an issue [previously raised] will be precluded if its review would be nothing more than a second appeal addressing the same issues on some recently contrived [theory]." (citation modified)).

¶ 14 Even as a separate jurisdictional claim, Rosales's new postconviction claim is barred as successive under Crim. P.

35(c)(3)(VII) unless one of the exceptions therein is met. The only exception that might arguably apply here is if Rosales is raising a claim that the trial court "lacked subject matter jurisdiction." Crim. P. 35(c)(3)(VII)(d). We will construe Rosales's jurisdictional claim as a subject matter jurisdiction claim.

¶ 15 The claim fails. "'[S]ubject matter jurisdiction' concerns the court's authority to deal with the *class* of cases in which it renders judgment, not its authority to enter a particular judgment within that class." *People v. C.O.*, 2017 CO 105, ¶ 24. "In Colorado, district courts are courts of general jurisdiction, and have original jurisdiction in 'all civil, probate, and *criminal cases*, except as otherwise provided' in the constitution." *Wood v. People*, 255 P.3d 1136, 1140 (Colo. 2011) (emphasis added) (quoting Colo. Const. art. VI, § 9).

¶ 16 So, the postconviction court had subject matter jurisdiction to resolve Rosales's postconviction motion in this criminal case. Where "[a] court has already obtained subject matter jurisdiction, a later failure to follow statutory requirements does not divest the court of subject matter jurisdiction." *C.O.*, ¶ 24 (citation omitted). And like a failure to follow statutory requirements, the trial court's

6

alleged failure to follow the procedures in Crim. P. 35(c)(3)(V) "d[id] not divest the court of subject matter jurisdiction." *C.O.*, ¶ 24.[1]

## IV.    Disposition

¶ 17    The order is affirmed.

JUSTICE MARTINEZ and JUDGE TAUBMAN concur.

---

[1] Although Crim. P. 35(c)(3)(VII)(d) excepts only claims challenging "subject matter jurisdiction," we note that the trial court also had personal jurisdiction over Rosales because he is a party to the case and he appeared in court at his preliminary hearing. *See Chatfield v. Colo. Ct. of Appeals*, 775 P.2d 1168, 1173 (Colo. 1989) (In a criminal case, "[t]he presence of the defendant in court is sufficient to confer jurisdiction over his person."); *see also People v. C.O.*, 2017 CO 105, ¶ 22 ("A court's jurisdiction generally consists of two elements: jurisdiction over the subject matter of the issue to be decided (subject matter jurisdiction), and jurisdiction over the parties (personal jurisdiction).").